IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| GEORGE HOEY MORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:09cv1126-ID |
| | ) | (WO) |
| THOMAS CORAM, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a federal inmate proceeding *pro se*,[1] brings this 42 U.S.C. § 1983/*Bivens*[2] action alleging that his constitutional rights were abridged in the course of his air-travel transfer, on or around June 3, 2009, between correctional facilities in Atlanta, Georgia, Grady County, Oklahoma, and Tuscon, Arizona.  (*Doc. No. 1*.)  Plaintiff names as defendants Thomas Coram, Jr. (a former investigator with Immigration Customs Enforcement ["ICE"]), and an "unidentified conspirator" employed by the company contracted by the United States Marshals Service to effectuate Plaintiff's transfer.  Plaintiff

---

[1]The records of this court reflect that on October 6, 2006, Plaintiff was convicted of four counts related to criminal sexual activity with a minor, immigration fraud, and firearm possession by a convicted felon.  *See United States v. Morris*, Criminal Case No. 2:05cr108-LSC (M.D. Ala.).  The court's records further establish that on October 31, 2006, Plaintiff was convicted of making a false statement in the application for or use of a passport.  *See United States v. Morris*, Criminal Case No. 2:0cr218-MHT (M.D. Ala.).

[2]*Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).  Federal courts have analogized *Bivens* claims to claims under 42 U.S.C. § 1983, which require a showing that defendants acted under color of state law to deprive a plaintiff of a constitutional right.  *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978).

contends that the defendants conspired with one another in various ways and acted under color of law to cause him "discomfort, apprehension and anguish"during his air transfer between correctional facilities and "to intentionally inflict physical pain and suffering (torture)" by causing a "security box" to be placed upon his hands while he was in transit. (*Doc. No. 1 at pp. 2-3.*)  Plaintiff seeks punitive damages in the amount of one million dollars ($1,000,000) for pain, suffering, and mental anguish and requests that "unidentified conspirator" be fired from his job and that Coram be prosecuted for his part in the incident. (*Id. at p. 3.*)

## I.   DISCUSSION

Plaintiff alleges that the actions about which he complains are the result of a conspiracy between the defendants.  He asserts that Coram "used his influence" to cause his mistreatment during his transfer between correctional facilities in June 2009 and in particular to cause "unidentified conspirator" to install a painful "security box" on his hands during his transfer "when it was not needed."[3]  (*Doc. No. 1 at p. 3.*)  It is unclear from Plaintiff's complaint if Coram was still employed with ICE when the actions about which Plaintiff complains allegedly occurred.[4]  Equally unclear – and, in fact, missing entirely – from

---

[3]Other alleged instances of mistreatment cited by Plaintiff are his placement in a jail cell in Grady County, Oklahoma – rather than a Federal Transport Center – while he was in transit, and his transport from the Grady County jail to the airport "while dirty, unshaven, partially naked and in a mental state of paranoia, fear, humiliation and distress."  (*Doc. No. 1 at pp. 2-3.*)

[4]The allegations and language in Plaintiff's complaint and affidavit tend to suggest that Coram was no longer employed by ICE when the events in question occurred.

Plaintiff's allegations is the manner by which Coram is purported to have "used his influence" to bring about Plaintiff's mistreatment during his June 2009 transfer between correctional facilities.

A conspiracy claim justifiably may be dismissed because of the conclusory, vague, and general nature of the allegations of a conspiracy. *Fullman v. Graddick*, 739 F.2d 553, 556-57 (11th Cir. 1984); *see also Amnesty International, USA v. Battle*, 559 F.3d 1170 (11th Cir.2009); *Epps v. Watson*, 492 F.3d 1240, 1243 (11th Cir. 2007); *Gonzalez v. Reno*, 325 F.3d 1228, 1235 (11th Cir. 2003); *Arnold v. Board of Education of Escambia County, Alabama*, 880 F.2d 305, 309 n.2 (11th Cir. 1989). "It is not enough to aver in the complaint that such a conspiracy existed." *Fullman*, 739 F.2d at 557. The complaint must demonstrate that the conspiratorial acts intruded upon plaintiff's federal rights, and it must show that the defendants reached an agreement or understanding to commit the acts. *Hadley v. Gutierrez*, 526 F.3d 1324 (11th Cir. 2008) (citing *Bendiburg v. Dempsey*, 909 F.2d 463, 469 (11th Cir. 1990); *Addickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). Further, sufficient factual information must be presented so that there is an adequate basis for believing that the conspiracy existed. *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir.1984).

This court has carefully reviewed Plaintiff's complaint. At best, the assertions made by Plaintiff are self-serving, purely conclusory allegations that fail to set forth those material facts necessary to establish a conspiracy between the defendants. *Strength v. Hubert*, 854 F.2d 421, 425 (11th Cir. 1988) (to properly state a claim for relief based on a conspiracy

3

between private individuals and state actors, a plaintiff must plead that the offending parties "reached an understanding" to deny the plaintiff his constitutional rights); *Harvey v. Harvey*, 949 F.2d 1127, 1133 (11th Cir. 1992) (merely "stringing together" acts, without showing contacts between private persons and state actors which could prove that these parties "reached an understanding" to violate plaintiff's rights, is insufficient to demonstrate the existence of a conspiracy).   Other than his suppositious allegations, Plaintiff presents nothing, nor can this court discern any evidence, to indicate that the defendants entered into a conspiracy to deprive Plaintiff of his constitutional rights.

In light of the foregoing, this court concludes that Plaintiff's bare allegations of a conspiracy are insufficient to support a claim for relief under 42 U.S.C. § 1983/*Bivens*. *Harvey*, 949 F.2d at 1133; *Fullman*, 739 F.2d at 556-57.   This claim is therefore due to be summarily dismissed in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).[5]

This court notes that none of the acts of the "unidentified conspirator" asserted by Plaintiff in his complaint are alleged to have occurred in this judicial district.   To the extent Plaintiff alleges constitutional violations stemming from the actions of this defendant or

---

[5]Under the Prison Litigation Reform Act of 1996, Pub. L. No. 104-134, § 804, 110 Stat. 1321, and 28 U.S.C. § 1915A, this court is required to screen complaints filed by prisoners against a governmental entity or officers or employees of governmental entities and to dismiss the complaint or any portion of the complaint that it finds frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. In this case, Plaintiff paid the full civil filing fee of $350.00.   Notwithstanding the full payment of the filing fee, the screening procedures that have been established for prisoner civil actions by § 1915A apply whether the plaintiff has paid the entire filing fee or is proceeding *in forma pauperis*. *Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998).

seeks to allege constitutional violations by the United States Marshals Service, he should, if he so chooses, initiate any civil action in the judicial district in which a substantial part of the events giving rise to any claims occurred.

## II.  CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process pursuant to the directives of 28 § 1915(e)(2)(B)(ii).

It is further

ORDERED that the parties are DIRECTED to file any objections to the said Recommendation on or before March 17, 2011.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The  parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.  Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). See also *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, en banc), adopting as

binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 4th day of March, 2011.


/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE